IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM PEGUES., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-CV-1235-SMY-RJD ) |
| ARNOLD STEBER, et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Reona J. Daly (Doc. 43), recommending that the Court grant Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Doc. 29). Plaintiff filed a timely objection (Doc. 46). For the following reasons, the Court **ADOPTS** the Report and Recommendation in its entirety.

Plaintiff Adam Pegues, a former IDOC inmate, filed this lawsuit pursuant to 42 U.S.C. § 1983 while he was incarcerated at Lawrence Correctional Center. Plaintiff alleges Defendants violated his constitutional rights by using excessive force while removing him from his wheelchair, refusing to summon medical attention after he was battered, and by denying him due process rights at his disciplinary committee hearing. Defendants moved for summary judgment, asserting that Plaintiff failed to exhaust his administrative remedies prior to filing suit. As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Judge Daly conducted an evidentiary hearing on Defendants' motion.

Following the *Pavey* hearing, Judge Daly issued the R&R currently before the Court

which accurately states the nature of the evidence presented by both sides on the issue of exhaustion, the applicable law, and the requirements of the administrative process. Judge Daly concluded that Plaintiff failed to exhaust his administrative remedies as to his claim against the Defendants prior to filing his lawsuit.

Judge Daly examined the grievance dated April 11, 2016, which was received by the ARB on April 28, 2016, along with a letter from Plaintiff. The letter, dated April 25, 2016, stated that Plaintiff was requesting the assistance of the ARB because he sent the April 11, 2016 grievance to the Warden and did not receive a response. The ARB denied the grievance and returned it because it did not contain the Counselor's Response, Grievance Officer's Report or the CAO Response. Based on inconsistencies in Plaintiff's allegations and testimony regarding his attempts at exhaustion, coupled with the strong documentary evidence, Judge Daly found that Plaintiff did not submit his grievance internally prior to appealing the grievance to the ARB.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Id.* In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st Ed. 1973) (1992 Pocket Part).

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that

an inmate file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).

Plaintiff filed general objections to the R&R reiterating the arguments made at the *Pavey* hearing and in his previous filings with the Court. Specifically, Plaintiff maintains that on April 25, 2016, he sent out four copies of the grievance to the Warden of Lawrence, the Counselor, the Grievance Officer, and the ARB. Plaintiff asserts that he did not receive a response to any of the internal grievances, but did receive a response from the ARB. He contends that he resubmitted copies of the grievance internally, but never received a response. Plaintiff also argues that he was prejudiced at the hearing because Judge Daly denied his request for appointment of counsel.

Although Plaintiff alleges that he followed the proper protocol and submitted the grievance internally as well as to the ARB, Judge Daly did not find Plaintiff's assertions credible. During *Pavey* hearings, a court can make findings of fact and credibility assessments of witnesses. *See Pavey*, 663 F.3d at 904. Magistrate judges stand in the best position to assess a witness's credibility because they have the opportunity "to observe the verbal and nonverbal behavior of the witnesses . . . [including their] reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements." *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052-53 (7th Cir. 1995).

Here, Judge Daly assessed the credibility of Plaintiff's statements regarding when the grievance was written, and found them lacking. The Court finds no reason in the record to second-guess Judge Daly's credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations").

Moreover, even taking Plaintiff's assertions as true, Plaintiff's testimony belies his claim that he properly exhausted his administrative remedies. If he mailed four copies of the same grievance internally and to the ARB on the same day, then he failed to follow the administrative rules which require that an inmate submit the grievance internally prior to appealing it the ARB. Finally, regarding Plaintiff's contention that he was denied counsel at the *Pavey* hearing, there is no constitutional or statutory right to court-appointed counsel in a federal civil case. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).

The Court finds Judge Daly's factual findings and rationale to be sound. It is apparent that Plaintiff did not exhaust his administrative remedies prior to filing suit. Accordingly, the Court adopts Magistrate Judge Daly's Report and Recommendation (Doc. 43). This case is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

DATED: May 8, 2018

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**